UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO VINDIOLA, CDCR #BR9953, <br><br>                                    Plaintiff, <br><br> vs. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; ROMO, Corporal; GONZALEZ, Deputy <br><br>                                    Defendants. | Case No.: 3:24-cv-2070-CAB-MSB <br><br> **ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];** <br><br> **(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.     INTRODUCTION

Plaintiff Gino Vindiola ("Plaintiff" or "Vindiola"), an inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP"). *See* ECF Nos. 1, 2. In his Complaint, Plaintiff alleges his constitutional rights were violated when Defendants delayed providing him with medical care. *See generally*, ECF No. 1. For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice for failure to state a claim.

/ / /

## II. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the $350 statutory fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Vindiola has provided a copy of his prison certificate and trust account statement. ECF No. 3. During the six months prior to filing suit, Estrada had an average monthly balance of $14.89, average monthly deposits of $15.08, and an available account balance of $6.30. *Id.* at 1. Accordingly, the Court **GRANTS** Plaintiff's IFP motion and assesses an initial partial filing fee of $3.02 pursuant to 28 U.S.C. § 1915(b)(1). This initial fee need be collected, however, only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C.

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

§ 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The California Department of Corrections and Rehabilitation ("CDCR") must thereafter collect the full balance of the $350 fee owed and forward payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

### III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

#### A. Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.    Plaintiff's Allegations**

In his Complaint, Vindiola alleges that on February 20, 2022, while he was detained at George Bailey Detention Facility ("GBDF"), he was involved in a "mutual combat incident." ECF No. 1 at 3. After the incident, Vindiola received no medical attention. *Id.* Shortly thereafter, Vindiola began having chest pains, which he reported to deputies, but his complaints were "ignored" until the "next shift came on." *Id.* By that time, Plaintiff was "sweating profusely." *Id.* He was taken to "medical" and then sent to the hospital, where it was discovered he had suffered a heart attack. *Id.* Plaintiff was treated with "stents." *Id.* He alleges a doctor told him that if he had been sent to the hospital any later, he "probably wouldn't have survived." *Id.*

**C.    Discussion**

Plaintiff alleges Defendants San Diego County Sheriff's Department ("SDCSD"), Corporal Romo and Deputy Gonzalez violated his constitutional right to adequate medical care. *See id.* He seeks $150,000 in money damages. *Id.* at 7.

*1.    Legal Standard*

While not entirely clear, the Court presumes Vindiola was a pretrial detainee, as opposed to a prison inmate, at the time of the alleged incident.[2] Claims for violations of the right to adequate medical care brought by pretrial detainees are evaluated under the Fourteenth Amendment's "objective deliberate indifference standard." *Gordon v. Cnty. of*

---

[2] The incident is alleged to have happened on February 20, 2022, while Vindiola was confined at GBDF (one of San Diego County's jail facilities) and according to the California Department of Corrections and Rehabilitation Inmate Locator, Plaintiff entered CDCR custody on April 9, 2022. *See* CDCR Inmate Locator, https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=BR9953 (visited Mar. 3, 2025). *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Pacheco v. Diaz*, 2019 WL 5073594 at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system); *Foley v. Martz*, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (same).

*Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). Under that standard,[3] detainees must show:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined [including a decision with respect to medical treatment];
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125; *see also Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021).

  *2. San Diego Sheriff's Department*

  While county sheriff's departments may be sued under § 1983, *see Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir. 2023), Vindiola has not adequately stated a claim for relief against SDCSD. To state a § 1983 claim against a government entity, Vindiola must allege: (1) he was deprived of a constitutional right, (2) the defendant had a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and (3) that policy, custom, or practice was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). Alternatively, a government entity may be held

---

[3] The standard for prison inmates comes from the Eighth Amendment and is more stringent that that for pretrial detainees. *See Gordon*, 888 F.3d at 1124–25 (noting that medical care claims brought by pretrial detainees arise under the Due Process clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause). To state an Eighth Amendment medical care claim, a prisoner must show the defendant was subjectively deliberately indifferent to his serious medical needs, such that it constituted an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Thus, a claim that fails under the due process standard necessarily fails under the Eighth Amendment.

liable if it fails to adequately train staff and "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018)

Here, Vindiola alleges he "received no evaluation from medical per protocol and procedures of the San Diego County Sheriff's Department." ECF No. 1 at 3. But it is unclear whether Plaintiff is alleges the failure to evaluate him was contrary to "protocol and procedures" or as a result of them. Moreover, even presuming he alleges the purported delay in treatment was *because* of a policy, Plaintiff alleges no facts regarding the specific nature of the policy and therefore he fails to state a claim. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (holding a complaint with conclusory allegations of a municipal policy failed to state a claim because it did not "put forth additional facts regarding the specific nature of this alleged policy, custom or practice"); *Iqbal*, 556 U.S. at 678 (stating the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In short, to proceed with such a claim, Plaintiff must set forth factual allegations that identify a custom, policy, or practice and plausibly allege a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Collins v. County of Harker Heights*, 503 U.S. 115, 123 (1992). He has failed to do so here. Therefore, the Court DISMISSES Plaintiff's claim against the San Diego County Sheriff's Department for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Iqbal*, 556 U.S. at 678.

   3.   *Defendants Romo and Gonzalez*

Vindiola also fails to state a claim against Romo and Gonzalez. While he lists both Romo and Gonzalez as Defendants, Plaintiff fails to reference them in the body of the Complaint. *See* ECF No. 1 at 2, 3. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). And here, beyond his vague allegation that "custody deputies" ignored his request for medical care (*id.*), Vindiola fails

to provide specific facts regarding what precisely he told Romo and/or Gonzalez about his condition and when. For instance, he alleges he complained of "chest pains" but does not indicate to whom he directed those complaints. Nor does he specify the length of the purported delay in taking him for medical attention. He merely states unspecified "deputies denied [him] medical care . . . [and he] almost died because of their negligence." ECF No. 1 at 3. These vague allegations are insufficient to state a claim against Romo or Gonzalez. *See Iqbal*, 556 U.S. at 678; *see also Gordon*, 888 F.3d at 1125 (stating a due process claim based on inadequate medical car requires "more than negligence but less than subjective intent—something akin to reckless disregard").

Therefore, Vindiola's claims against Romo and Gonzalez are DISMISSED for failure to state a § 1983 claim. *See* 28 U.S.C. § 1915(e)(2) and § 1915A; *Iqbal*, 556 U.S. at 678.

**D.     Leave to Amend**

Given Plaintiff's *pro se* statue, the Court **GRANTS** him leave to amend his Complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## V.     CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $3.02 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Phillips' account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY

IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Plaintiff's Complaint in its entirety to state a claim. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

5. **GRANTS** Plaintiff **sixty (60)** days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: March 7, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge