1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  | GINO VINDIOLA,                    | Case No.: 3:24-cv-2070-CAB-MSB
    | CDCR #BR9953,

12  |                                   | **ORDER DISMISSING DEFENDANT**
    |                        Plaintiff, | **SAN DIEGO COUNTY SHERIFF'S**
13  |                                   | **DEP'T PURSUANT TO 28 U.S.C.**
    |          vs.                      | **§§ 1915(e)(2)(B) AND 1915A(b) AND**
14

15

16  | SAN DIEGO COUNTY SHERIFF'S         | **DIRECTING USMS TO EFFECT**
    | DEPARTMENT; ROMO, Corporal;       | **SERVICE OF FIRST AMENDED**
17  | GONZALEZ, Deputy                  | **COMPLAINT AND SUMMONS ON**
    |                                   | **DEFENDANTS ROMO AND**
18  |                        Defendants.| **GONZALEZ PURSUANT TO 28**
    |                                   | **U.S.C. § 1915(d) & FED. R. CIV. P.**
19  |                                   | **4(c)(3)**

20

21

22            **I.    INTRODUCTION**

23        Plaintiff Gino Vindiola ("Plaintiff" or "Vindiola") is proceeding *pro se* with a civil

24  rights action pursuant to 42 U.S.C. § 1983.  On March 7, 2024, the Court granted Vindiola

25  leave to proceed in forma pauperis, dismissed the original complaint for failure to state a

26  claim, and granted him leave to file an amended complaint.   [Doc. No. 3.]   After an

27  extension of time, Vindiola filed a First Amended Complaint ("FAC") on June 5, 2025.

28  [Doc. No. 7.]  In it, Plaintiff alleges his constitutional rights were violated when Defendants

delayed providing him with medical care after he suffered a heart attack. [*See id.*] For the reasons discussed below, the Court dismisses the San Diego County Sheriff's Department as a defendant and directs U.S. Marshal service of the FAC as to Defendants Romo and Gonzalez.

## II.    SCREENING

### A.    Standards

As with his original complaint, the Court must screen Vindiola's FAC and sua sponte dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.    Plaintiff's Allegations

In his FAC, Vindiola alleges that on February 20, 2022, while he was detained at George Bailey Detention Facility ("GBDF"), he was involved in a "mutual combat incident." [Doc. No. 7 at 3.] After the incident, Vindiola received no medical attention. *Id.* Instead, he was placed in a "holding cell" for several hours. [*Id.*]

While in the holding cell, Vindiola began having severe chest pains. He told Deputies Romo and Gonzalez about his symptoms and asked for medical attention, but Romo and Gonzalez refused to take him to "medical." [*Id.*] The chest pain continued and Vindiola also began "sweating profusely," and having "difficulty time with [his] breathing." [*Id.*] Plaintiff persisted in asking Romo and Gonzalez for help, explaining that he was short of breath and experiencing extreme chest pain. [*Id.* at 6.] He also pressed the "emergency assistance" button several times, but Romo and Gonzalez refused to summon medical attention and told Vindiola to "shut up and stop being a little bitch." [*Id.*]

According to Plaintiff, he remained in the cell "in [the] fetal position, sweating profusely, in agonizing pain" for "hours" until the "next shift came on" and other staffers called 911. [*Id.*] Vindiola was taken to the hospital where he learned he had suffered a heart attack. [*Id.*] He received treatment, including "stents," and was later released. One doctor told Plaintiff that had he been "delayed further from getting to the hospital, [he] would have certainly died." [*Id.* at 4.] Vindiola claims that he now suffers from post-traumatic stress syndrome as a result of the alleged incident. [*Id.*]

## C.   **Analysis**

Plaintiff alleges Defendants San Diego County Sheriff's Department ("SDCSD"), Romo and Gonzalez violated his constitutional right to adequate medical care. [*Id.* at 1–2.]

As discussed in this Court's previous order, because he was a pretrial detainee at the time of the incident, the Due Process Clause of the Fourteenth Amendment provides the legal basis for Vindiola's claims of inadequate medical care. These claims are evaluated under the "objective deliberate indifference standard," *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018), which requires that detainees show:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined [including a decision with respect to medical treatment];
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious

3

harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125; *see also Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021).

## 1.    San Diego County Sheriff's Department

Plaintiff has failed to state a claim against the SDCSD for the same reason discussed in this Court's previous dismissal order. City or county governments, including departments within them such as the sheriff's department, cannot be held liable under section 1983 for the acts of an employee. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, (1978). And as noted in the Court's prior dismissal order, to state a § 1983 claim against a government entity like the SDCSD, a plaintiff must identify a custom, policy, or practice and plausibly allege a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Collins v. County of Harker Heights*, 503 U.S. 115, 123 (1992). There is no vicarious liability under § 1983. *Iqbal*, 556 U.S. at 676.

Here, however, Vindiola alleges the SDCSD is liable merely because Romo and Gonzalez "are employed [by] and represent the San Diego County Sheriff's Department." [Doc. No. 7 at 5.] He alleges no custom, policy or practice of the SDCSD, nor has he alleged any causal link to his alleged constitutional deprivation. Therefore, the Court **DISMISSES** the San Diego County Sheriff's Department as a Defendant for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Iqbal*, 556 U.S. at 678.

## 2.    Romo and Gonzalez

Having reviewed the FAC, the Court finds Plaintiff's allegations against Defendants Romo and Gonzalez meet the "low threshold" required state a plausible due process claim

sufficient to survive screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (stating the determination of whether a defendant's conduct was objectively unreasonable "will necessarily turn on the facts and circumstances of each particular case.") (cleaned up); *Russell v. Lumitap*, 31 F.4th 729, 739–40 (9th Cir. 2022) (stating that a detainee with symptoms, including "difficulty breathing, [and] severe chest pain radiating to [his] arm," had shown a "substantial risk of serious harm"); *Tater v. City of Huntington Beach*, 2023 WL 4291656, at *13 (C.D. Cal. 2023) (finding an officer made an "intentional decision" to provide inadequate medical care to a pre-trial detainee by ignoring their cries for help).  Accordingly, the Court **DIRECTS** the U.S. Marshal to effect service of summonses and Plaintiff's FAC upon Defendants Romo and Gonzalez as set forth below.  *See* 28 U.S.C. § 1915(d).

### III.    CONCLUSION AND ORDER

Accordingly, the Court:

1.    **DISMISSES** the San Diego County Sheriff's Department as a Defendant without prejudice for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

2.    **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC, [Doc. No. 7], for Defendants Romo and Gonzalez and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for these Defendants.  The Clerk will provide Plaintiff with certified copies of his Complaint and the summons so that he may serve the Defendants.  Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to S.D. Cal. Civ. LR 4.1(c), and return the form to the United States Marshal according to the instructions provided in the letter accompanying the In Forma Pauperis Package.

3.    **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendants Romo and Gonzalez as directed by Plaintiff on the USM Form 285, and to file an executed waiver of personal service upon Defendants Romo and Gonzalez with the

Clerk of Court as soon as possible after its return. Should Defendants fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed, but unexecuted Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, FAC, and request for waiver was mailed, and indicate why service was unsuccessful.  All costs of service will be advanced by the United States; however, if any Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4.    **ORDERS** Defendants, once served, to reply to Plaintiff's FAC and any subsequent pleading Plaintiff files in this matter in which Defendants are named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (stating that while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its screening pursuant to 28 U.S.C. §§ 1915(e)(2) an 1915A(b), and thus has made a preliminary determination that Plaintiff has a "reasonable opportunity to prevail on the merits," defendants are required to respond).

///

///

///

3:24-cv-2070-CAB-MSB

5.      **ORDERS** Plaintiff, after service, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or Defendants' counsel, and the date of that service.  *See* S.D. Cal. Civ. LR 5.2. Any document received by the Court which has not been properly filed or which fails to include a Certificate of Service upon Defendants or their counsel may be disregarded.

**IT IS SO ORDERED.**


Dated:  August 11, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge