UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO VINDIOLA,<br><br>                                  Plaintiff,<br><br>v.<br><br>CORPORAL ROMO, DEPUTY GONZALEZ,<br><br>                                  Defendants. | Case No.:  3:24-cv-2070-CAB-MSB<br><br>**ORDER:**<br><br>**(1) DIRECTING CLERK TO RE-ISSUE SUMMONS AND IFP PACKAGE**<br><br>**(2) DIRECTING MARSHAL TO EFFECT SERVICE PURSUANT TO FED. R. CIV. P. 4(c)(3)**<br><br>**(3) GRANTING AN EXTENSION OF TIME PURSUANT TO FED. R. CIV. P. 4(m)** |

This matter comes before the Court on review of the docket.  Plaintiff Gino Vindiola is incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983.  [Doc. No. 1.]

1

## I.    BACKGROUND

On August 11, 2025, the Court dismissed San Diego County Sheriff's Department as a Defendant, directed the Clerk to issue a summons as to Plaintiff's First Amended Complaint ("FAC"), and ordered the U.S. Marshals Service ("USMS") to serve a copy of the FAC and summons upon Defendants Romo and Gonzalez ("Defendants"). Defendants, once served, were to reply to Plaintiff's FAC and any subsequent pleading Plaintiff files in this matter. [*See* Doc No. 8.] The Clerk of Court issued a summons the same day. [Doc. No. 9.]

USMS effectuated service on September 24, 2025. [Doc. Nos. 12, 13.] The Form USM-285 USMS used to serve Defendants Romo and Gonzalez both lists "SDSO S. Ryder" as the name of the individual served. [*See Id.*] Neither Defendant has entered an appearance with the Court and there has been no further activity on the docket.

## II.    DISCUSSION

In accordance with Rule 4(e), service of process may be effected "pursuant to the law of the state in which the district court is located [.]" Fed.R.Civ.P. 4(e)(1). California law provides for service of an individual person "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Cal.Civ.Proc.Code § 416.90. If, after reasonable diligence, the summons and complaint cannot be personally delivered in accordance with Section 416.90, several methods of substitute service are permitted. Cal.Civ.Proc.Code § 415.20(b). One such method is effected by leaving a copy of the summons and complaint at the "usual place of business" of the person to be served, in the presence of a "person apparently in charge," and afterwards mailing a copy of the summons and complaint by first-class mail to the same location. *Id.* "Service of a summons in this manner is deemed complete on the 10th day after the mailing." *Id.*

Here, USMS did not deliver Plaintiff's FAC to Defendants personally, nor was it left with a person authorized by Defendants to receive service. The Court does not know who "SDSO S. Ryder" is and has no reason to believe that "SDSO S. Ryder" is authorized to

accept service on behalf of Defendants.  Further, the Court has no evidence on the docket that USMS attempted any of the other acceptable substitute service methods.  Therefore, the Court finds that USMS improperly served Defendants.

Service delayed as the result of a Clerk's Office or USMS error automatically creates cause to extend Rule 4(m)'s 90-day clock.  *See, e.g.*, *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) ("[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."); *see also Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (noting the district court's broad discretion under Fed. R. Civ. P. 4(m) to extend time under Rule 4(m) even after time has expired).

Thus, because USMS did not properly serve Defendants, the Court finds good cause to extend the time for service in this cause pursuant to Rule 4(m).  *See Mann,* 324 F.3d at 1090 (holding that a district court may, under the broad discretion granted by Federal Rule of Civil Procedure 4(m), extend time for service retroactively after the service period has expired).

## III.   CONCLUSION

For the reasons discussed, the Court:

1. **DIRECTS** the Clerk to re-issue a summons as to Plaintiff's FAC, [Doc. No. 7], for Defendants Romo and Gonzalez and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for these Defendants.  The Clerk will provide Plaintiff with certified copies of his FAC and the summons so that he may serve the Defendants.  Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to S.D. Cal. Civ. LR 4.1(c), and return the form to the United States Marshal according to the instructions provided in the letter accompanying the In Forma Pauperis Package.

3:24-cv-2070-CAB-MSB

2. **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendants Romo and Gonzalez as directed by Plaintiff on the USM Form 285, and to file an executed waiver of personal service upon Defendants Romo and Gonzalez with the Clerk of Court as soon as possible after its return.  Should Defendants fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed, but unexecuted Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, FAC, and request for waiver was mailed, and indicate why service was unsuccessful. All costs of service will be advanced by the United States; however, if any Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. **ORDERS** Defendants, once served, to reply to Plaintiff's FAC and any subsequent pleading Plaintiff files in this matter in which Defendants are named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g) (stating that while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its screening pursuant to 28 U.S.C. §§ 1915(e)(2) an 1915A(b), and thus has made a preliminary determination that Plaintiff has a "reasonable opportunity to prevail on the merits," defendants are required to respond).

4. **ORDERS** Plaintiff, after service, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file, a certificate stating the manner in which a true and correct copy of

4

that document has been served on Defendants or Defendants' counsel, and the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document received by the Court which has not been properly filed or which fails to include a Certificate of Service upon Defendants or their counsel may be disregarded.

It is **SO ORDERED**.

Dated:  February 25, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge