UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GINO VINDIOLA,

Plaintiff,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,

Defendants.

Case No.: 24cv2070-CAB (MSB)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 22]**

## I. RELEVANT BACKGROUND

Plaintiff Gino Vindiola ("Plaintiff"), proceeding pro se and in forma pauperis in this civil rights action, is presently incarcerated at Richard J. Donovan Correctional Facility. (See ECF Nos. 4 & 7.) On November 1, 2024, Plaintiff filed a Complaint in the Southern District of California pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After the Court screened and dismissed Plaintiff's Complaint [ECF No. 4], Plaintiff filed a First Amended Complaint ("FAC") asserting a constitutional claim against the San Diego County Sheriff's Department, Corporal Romo, and Deputy Gonzalez (collectively, "Defendants"). (ECF No. 7.) Plaintiff alleges that Defendants violated his constitutional right to adequate medical care under the Fourteenth Amendment's "objective deliberate indifference standard" while Plaintiff was incarcerated at the George Bailey Detention Facility. (Id.)

Subsequently, the Court determined that Plaintiff's FAC raises a cognizable constitutional claim as to Defendants Romo and Gonzalez and dismissed the San Diego County Sheriff's Department as a defendant. (ECF No. 8.)

Now pending before this Court is Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 22 ("Motion").) For the reasons set forth below, the Motion is **DENIED without prejudice**.

## II. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

In support of the Motion, Plaintiff asserts that (1) he "is unable to afford [c]ounsel and has been granted leave of the Court to proceed in forma pauperis," (2) his "imprisonment will greatly limit is ability to engage in meaningful litigation [due to] the complexity of this case," (3) "[c]ounsel would be better in the presentation of evidence and cross examination of witnesses and protection of Plaintiff's [c]ivil rights," and (4) he "has made a genuine effort to obtain a [l]awyer" on a contingency or pro bono basis to assist in this case but has been unsuccessful in doing so. (ECF No. 22 at 1–3.) Additionally, Plaintiff notes that he has limited access to the law library and "virtually no knowledge of law or procedure." (Id. at 2.) Plaintiff further notes that he "has been extremely fortunate to receive assistance from a concerned fellow [i]nmate" who will be unable to assist further in this case at any settlement conference or other court proceeding. (Id.)

## III. LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant "may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C., 452 U.S. 18, 25 (1981). Additionally, there is no constitutional right to court-appointed counsel in cases filed by inmates arising under 42 U.S.C. § 1983. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Although 28 U.S.C. § 1915(e)(1) grants district courts discretion to "request" that an attorney represent an indigent civil litigant, such discretion may only be exercised upon a showing of "exceptional circumstances." See Agyeman v. Corr. Corp. of Am., 390 F.3d

1101, 1103 (9th Cir. 2004); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). When assessing whether exceptional circumstances exist, the district court must undertake "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). This court must review both factors before deciding whether to appoint counsel, and neither factor is individually dispositive. See Wilborn, 789 F.2d at 1331.

## IV. DISCUSSION

### A. Likelihood of Success on the Merits

A plaintiff who provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the Wilborn test. See, e.g., Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding that the plaintiff failed to satisfy the first factor of the Wilborn test because he "offer[ed] no evidence other than his own assertions to support his claims"). Here, Plaintiff does not present any evidence regarding the likelihood of his success on the merits of his claim for violation of his constitutional right to adequate medical care under the Fourteenth Amendment. (See generally ECF No. 22.) Although the allegations raised by Plaintiff in the FAC are sufficient to state a claim for relief [see ECF Nos. 7 & 8], it is premature for the Court to determine the strength of Plaintiff's claim. See e.g., Arellano v. Blahnik, No. 16-cv-02412-CAB-RNB, 2018 U.S. Dist. LEXIS 164604, at *6 n.1 (S.D. Cal. Sept. 25, 2018) (denying a motion to appoint counsel because, "[a]lthough plaintiff's . . . claim survived defendant's motion to dismiss, it is still too early to determine the likelihood of success on the merits"); Hearn v. RJD Warden, No. 22-cv-255-TWR-DDL, 2022 U.S. Dist. LEXIS 218042, at *3 (S.D. Cal. Dec. 2, 2022) (finding that, when the plaintiff's claims remain unproven at an "early stage of the proceedings, there is no basis upon which the Court can predict Plaintiff's success at trial"). Accordingly, Plaintiff fails to satisfy the first factor of the Wilborn test.

/ /

**B. Plaintiff's Ability to Articulate His Claims**

Where a pro se civil rights plaintiff demonstrates that he has a grasp of basic litigation procedure and has articulated his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. See, e.g., Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding that the second factor of the Wilborn test was not satisfied when the district court observed the plaintiff "was well-organized, made clear points, and presented the evidence effectively"). The Court has reviewed all of the documents filed by Plaintiff in this case, including the Complaint [ECF No. 1], Motion to Proceed in Forma Pauperis [ECF No. 2], Motion for Extension of Time to Amend [ECF No. 5], First Amended Complaint [ECF No. 7], and the instant Motion for Appointment of Counsel [ECF No. 22]. Although the Court acknowledges that the litigation to date has not been extensive, these documents demonstrate that Plaintiff is able to navigate litigation procedure and articulate his claims without the assistance of counsel.

Plaintiff claims that his previous filings in this case, beginning with the FAC, were prepared and submitted with the assistance of a fellow inmate, a paralegal, who will soon be unable to assist further. (ECF No. 22 at 2.) Plaintiff further claims that "the complexity of this case [ ] will require significant research and investigation which is virtually impossible for this Plaintiff to conduct." (Id.) However, the information before the Court suggests that this is a relatively straightforward Fourteenth Amendment case that does not exceed Plaintiff's abilities. Contrary to Plaintiff's assertions, the allegations in the FAC are not novel or complex. To date, Plaintiff has been able to navigate civil procedure, articulate his arguments, and communicate with the Court without the assistance of counsel. Plaintiff survived the screening process; amended his Complaint; and filed motions to proceed in forma pauperis, for extension of time, and for appointment of counsel. (See ECF Nos. 2, 4, 5, 7, & 22.) Now, Plaintiff declares for the first time that he is unable to continue the litigation. (See ECF No. 22 at 2.) Yet, Plaintiff fails to submit a declaration from the inmate who allegedly assisted him in the

litigation or otherwise demonstrate why he is suddenly unable to proceed. See Montano v. Solomon, No. 7-cv-0800-KJN-P, 2010 U.S. Dist. LEXIS 113788, at *23 (E.D. Cal. Oct. 18, 2010) (denying a motion to appoint counsel where the plaintiff "adequately presented, albeit through another inmate, the salient factual allegations of th[e] case").

Based on the foregoing, Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex. Factors such as indigency, incarceration, and being untrained in law and procedure are difficulties that any imprisoned litigant would have while proceeding pro se. While the Court is sympathetic to these factors, they do not constitute "exceptional circumstances." See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (affirming denial of a motion to appoint counsel where the plaintiff complained that he had limited access to law library and lacked a legal education); Sanford v. Doe, No. 8-cv-1049-H-PCL, 2009 U.S. Dist. LEXIS 134362, at *4 (S.D. Cal. Sept. 18, 2009) (denying a motion to appoint counsel based on a lack of exceptional circumstances where the plaintiff "argue[d] that counsel would 'better enable' him to present evidence and cross examine witnesses"). Accordingly, Plaintiff fails to satisfy the second factor of the Wilborn test.

**C. Access to the Courts Claim**

Plaintiff's Motion also asserts an access to the courts claim based on "limited access to the [l]aw [l]ibrary." (See ECF No. 22 at 2.) The Supreme Court has held it is "beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). In Bounds, the Supreme Court explained that this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. However, to establish a violation of this right, the plaintiff must demonstrate he has suffered an "actual injury" by showing that "shortcomings in the prison library or legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim." Lewis v. Casey, 518 U.S. 343, 343 (1996). An actual injury is "actual prejudice with

respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348 (citation modified). Lack of access to the law library can provide grounds for an actual injury, as inmates must be allowed "a reasonable amount of time in the law library," in addition to writing materials and postage for communication with courts. Gluth v. Kangas, 951 F.2d 1504, 1508–10 (9th Cir. 1991). Individuals have "a right not to be arbitrarily prevented from lodging a claimed violation of a federal right in a federal court." Lewis, 518 U.S. at 381–82 (Thomas, J., concurring).

Here, Plaintiff contends that his limited access to the law library is aggravated by the fact that "the [c]lerks assigned have no real knowledge or experience to assist in preparation of any cause of action whether [c]ivil or [c]riminal." (ECF No. 22 at 2.) Thus, Plaintiff argues that appointment of counsel is necessary because he has been prevented from spending as much time as he would like in the law library, and the assigned clerks are unhelpful. (See id.) However, Plaintiff has met all filing deadlines to date and has not shown that he has suffered actual prejudice. See Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that a failure to show that a nonfrivolous claim has been frustrated is fatal to a Bounds claim). Plaintiff fails to explain what aspects go beyond "the incidental (and perfectly constitutional) consequences of conviction and incarceration," thereby preventing him from litigating his case. See Lewis, 518 U.S. at 355. Thus, Plaintiff fails to state an actual injury and his access to the courts argument fails.[1]

/ /

[1] Nevertheless, the Court is sympathetic to the challenges of litigating a civil case pro se while incarcerated. Should Plaintiff require additional time to meet a specific deadline, he may file a motion for an extension of time setting forth good cause for the extension of that deadline. See, e.g., Carroll v. Warden, No. 19-cv-02126-BAS-KSC, 2021 U.S. Dist. LEXIS 93469, at *5 (S.D. Cal. May 17, 2021) (denying a request for law library access but noting that, "to the extent restricted access to resources impede Plaintiff's ability to prosecute this action going forward, he may seek extensions of time to comply with court-ordered deadlines").

## V. CONCLUSION

The evidence before the Court does not demonstrate that Plaintiff enjoys a likelihood of success on the merits or that he is unable to articulate his claims without the assistance of counsel. Therefore, the Court finds that Plaintiff has failed to make the requisite showing of "exceptional circumstances." See Agyeman, 390 F.3d at 1103. Further, Plaintiff has not shown that he has suffered an "actual injury" to prevail on an access to the courts claim. See Lewis, 518 U.S. at 343. Plaintiff's Motion for Appointment of Counsel [ECF No. 22] is **DENIED without prejudice**.

**IT IS SO ORDERED**.

Dated: July 20, 2026

Honorable Michael S. Berg
United States Magistrate Judge